IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID CLARKSON CADWALLADER                                                 PLAINTIFF

v.                      Civil No. 5:24-cv-05107-TLB-MEF

JOHN KARAS, Karas Correctional Health
(KCH), Health Care Provider;
NURSE KELLIE HINELY, KCH;
JORDAN PRAVENAS, KCH Paramedic;
JAKE SMOTHERS, KCH Paramedic;
SHERIFF JAY CANTRELL, Washington County, Arkansas; and
TOM MULVANEY, Washington County Detention Center           DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the Court's Orders.

I.      DISCUSSION

Plaintiff filed his Complaint to initiate this action on May 16, 2024. (ECF No. 1). After Plaintiff filed an Amended Complaint, service was directed on the Defendants. (ECF No. 9). A Bench Order was issued after all parties had answered. (ECF No. 15). The Bench Order gave Defendants until September 23, 2024, to file a Motion for Summary Judgment on the issue of exhaustion. On September 23, 2024, Separate Defendants Cantrell and Mulvaney filed a Motion for Summary Judgment on the issue of exhaustion. (ECF Nos. 22-24). That same day, Plaintiff

1

was directed to file a response to the Motion for Summary Judgment by October 15, 2024. (ECF No. 25). Plaintiff was given explicit instructions regarding what was required by him to file a response in accordance with Rule 56 of the Federal Rules of Civil Procedure.

After the Order directing Plaintiff to respond was returned as undeliverable, the Court extended Plaintiff's time to respond to November 5, 2024. (ECF No. 28). Plaintiff did not file his summary judgment response. As a matter of procedural fairness and to give Plaintiff yet another opportunity to comply with the Court's Order, a Show Cause Order was entered. (ECF No. 29). Plaintiff was given until December 3, 2024, to respond. Plaintiff was advised that if he failed to respond by the deadline, "this case shall be subject to dismissal."

To date, Plaintiff has not filed a response to the Motion for Summary Judgment filed by Separate Defendants Cantrell and Mulvaney or a response to the Show Cause Order. He has not requested an extension of time to file his responses. No mail has been returned as undeliverable. Plaintiff has failed to comply with the Court's Orders (ECF Nos. 28 & 29). Plaintiff was advised in each of the above-mentioned Orders that failure to comply would subject the case to dismissal.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally,

Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. When considering Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct"; (2) the adverse impact of the conduct on the Defendants; and (3), the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily. *Id.*

Here, Separate Defendants Cantrell and Mulvaney expended resources in preparing their Motions for Summary Judgment. Plaintiff then intentionally chose not to respond to the Summary Judgment Motion even after being directed to do so by the Court in two separate instances. Plaintiff was advised in both Court Orders that failure to respond would result in dismissal of his case. Plaintiff has not communicated with the Court regarding the Motion for Summary Judgment. However, rather than dismiss the entire case, the Court believes the dismissal should be limited to Separate Defendants Cantrell and Mulvaney as they are the ones who filed the Motion for Summary Judgment.

## II. CONCLUSION

For these reasons, it is recommended that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, all claims against Defendants Cantrell and Mulvaney be **DISMISSED WITH PREJUDICE** based on Plaintiff's intentional failure to prosecute this his claims against them; his failure to obey the orders of the Court; and his failure to comply with Local Rule 5.5(c)(2). The Clerk should be directed to terminate Defendants Cantrell and Mulvaney as Defendants.

The claims against Separate Defendants Karas, Hinely, Pravenas, and Smothers, remain pending.

**Status of Referral:** This case should remain referred for all matters not recommended for dismissal in this Report and Recommendation.

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 17th day of December 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE